UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI VAN EMON,

                    Plaintiff,

                                              Case No. 05-72638

vs.

                                              HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

                    Defendant.

_____/

ORDER DENYING DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S
DECISION PURSUANT TO LR 72.1(d) (DOC # 88-1) AND AFFIRMING
MAGISTRATE'S DECISION

        Before the court is defendant State Farm's request for review and appeal of the

magistrate judge's December 7, 2006 "Order Granting Plaintiff's Motion to Compel

Depositions of Individuals Designated Under Fed. R. Civ. P. 30(b)(6)."[1]  Defendant sets

forth the standard governing this court's review of a decision made by a magistrate

judge.  Under 28 U.S.C. § 636(b)(1)(A), the magistrate's decision on a non-dispositive

motion is properly overturned if it is "clearly erroneous or contrary to law."

        Defendant's motion addresses two deposition notices issued by plaintiff under

Fed. R. Civ. P. 30(b)(6).  Defendant's first objection concerns the notice which

requested a 30(b)(6) deposition as to "the handling of Brandi Van Emon's claim."

Defendant asserts the request is overbroad and, in actuality, requires a fact witness,

_____

        [1] Because the court finds that oral argument would not assist its determination of this
matter, the matter is ordered submitted on the briefs, as contemplated by E.D. Mich. LR
7.1(e)(2).

rather than a 30(b)(6) witness.  Defendant asserts that the deposition of claims representatives in no-fault litigation is a "regular practice...without the imposition of the requirements under a 30(b)(6) deposition."  Defendant further states that claims representatives are not the "officers, directors, or managing agents" contemplated in the rule, and therefore the notice "impermissibly requires defendant to either name a non-management employee as its designee, or name an individual in management who is unfamiliar with the claim," and that as such, the request is "contrary to the spirit and purpose of Fed. R. Civ. P. 30."  Finally, defendant complains that no designee under 30(b)(6) could be "educated" on the thoughts, impressions and opinions of former State Farm claims representatives, since plaintiff's file was opened more than 16 years ago.

As plaintiff argues, the rule itself provides that a 20(b)(6) deponent can be "one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf...."  Fed. R. Civ. P. 30(b)(6), and defendant has pointed to no authority that requires State Farm to depose a fact witness *instead* of a 30(b)(6) witness under these circumstances.  Defendant has not convinced the court that the magistrate's decision was either "clearly erroneous or contrary to law," and the court will not overrule the magistrate's decision as to this deposition notice.

The second objection presented by defendant concerns two notices which request:

> 1) Documents, policies, procedure, emails, manuals, memoranda, guidelines, training materials, and other written documents and electronic screens, videos, and audio recordings, regarding or used in relation to State Farm's handling of first party no-fault claims in Michigan from 1985 to the present.

2

2) State Farm's policy on payment of attendant care, including family provided attendant care, benefits in first party no-fault claims in Michigan from 1985 through the present.

Defendant complains these requests are overbroad, and that the time period is excessive, as plaintiff's automobile accident occurred in January of 1989. It argues that "the purpose of FRCivP 30(b)(6) is thwarted where a party could ask a corporate representative to testify to matters upon which the representative is ill-prepared to testify." Defendant cites to <u>Reed v. Bennett</u>, 193 F.R.D. 689 (D. Kan. 2000), to argue the scope of the inquiry is too broad, and makes a confusing argument that plaintiff's notices "require Defendant to name a representative that must answer any and all questions conceivable related to a voluminous Michigan No-Fault statute and the ever-changing state of the case law surrounding same for more than a twenty (20) year period of time." However, as plaintiff points out, <u>Reed</u> was a case in which each area of inquiry listed on the notice included but was "not limited to" the topic enumerated. In this case, plaintiff has specifically agreed to excise such language from her notices. Plaintiff further argues, convincingly, that "[t]he Notice refers to State Farm's policy on payment of attendant care, including family attendant care, *not to a dissertation on the history of the No Fault Act*" (emphasis added).

Again, defendant has not pointed to any authority which might persuade the court that Magistrate Judge Scheer's decision on this discovery issue was "clearly erroneous or contrary to law," concerning either the breadth of the request or the time

3

period for which such information is sought.  28 U.S.C. § 636(b)(1)(A).  The court has

thus determined it will DENY defendant's request and AFFIRM the magistrate's ruling.

IT IS SO ORDERED.


Dated:  January 26, 2007


S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

| CERTIFICATE OF SERVICE |
| --- |
| Copies of this Order were served upon attorneys of record on January 26, 2007, by electronic and/or ordinary mail. |
| S/Josephine Chaffee<br>Deputy Clerk |

4