UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI VAN EMON,

        Plaintiff,

vs.

Case No. 05-72638

HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

        Defendant.

_____/

OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED "MOTION FOR SUMMARY JUDGMENT" (DOC. # 50-1)

INTRODUCTION

Before the court in this action by an insured against her no-fault insurer is defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion, requesting dismissal of plaintiff's non-contractual claims. After the court held a hearing on State Farm's motion to dismiss in <u>Basirico v. State Farm</u>, # 05-74691, involving identical arguments, it determined oral argument was not necessary on the instant motion, and so rules, pursuant to E.D. Mich. LR 7.1(e)(2). For the reasons that follow, State Farm's motion is granted in part and denied in part, as set forth below.

BACKGROUND

Plaintiff was injured in a car accident on January 1, 1989, which she alleges rendered her a paraplegic requiring 24 hour attendant care from relatives and a male companion. She has received certain personal injury protection benefits from State

Farm, but brought this lawsuit alleging she is entitled to more benefits and making tort claims.  Specifically, her first amended complaint asserts her entitlement to damages for "care, recovery, and/or rehabilitation;" "attendant care services...payable at commercially reasonable agency rates;" "reasonable and necessary nursing care services;" "accommodations in the form of housing and room;" other benefits such as "walkers, crutches, wheelchairs, commodes, and transportation;" and case management services.

Plaintiff's six-count second amended complaint was filed June 13, 2006.  It asserts the following causes of action: silent fraud, through State Farm's failure to disclose all benefits due to plaintiff under her insurance policy (Count I); fraud/misrepresentation, via false material representations State Farm is alleged to have made over the years concerning the coverage due to plaintiff under her insurance policy (Count II); breach of contract (Count III); negligence, asserting that State Farm negligently failed to perform the duty to fully inform plaintiff of available benefits (Count IV); intentional infliction of emotional distress, through alleged statements by State Farm representatives such as plaintiff would be placed in a nursing home if she continued questioning available benefits (Count V); and a claim under the Michigan Consumer Protection Act, Mich. Comp. Laws Ann. § 500.2006 (3), for State Farm's alleged failure to explain available benefits (Count VI).

State Farm filed and withdrew a request also entitled "motion for summary judgment" earlier in the litigation, and refiled the instant motion following the filing of plaintiff's amended complaint.  The request seeks dismissal of all of plaintiff's claims except for that alleging breach of the insurance contract.  State Farm took similar action

2

in the court's case of Basirico v. State Farm, # 05-74691, referenced above.[1]  As stated in the court's Basirico ruling, this request, although entitled "summary judgment," actually requests dismissal of certain of plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  The court will thus address the motion as one brought under Fed. R. Civ. P. 12(b)(6).

## STANDARD

When this court considers a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "well-pleaded facts" contained in a complaint must be accepted as true.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).  Any ambiguities in the pleadings must be resolved in the pleader's favor.  Jackson v. Richards Medical Co., 961 F.2d 575, 577 (6th Cir. 1992).  However, the court need not accept as true legal conclusions or unwarranted factual inferences.  Morgan, 829 F.2d at 12.

Once the court has "constru[ed] the complaint in the light most favorable to the plaintiff ... [it] determine[s] whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."  Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir.1998) (citation omitted).   A district court properly grants the motion to dismiss when there is no set of facts contained in the complaint  that would allow recovery. Carter by Carter v. Cornwall, 983 F.2d 52, 54 (6th Cir. 1993).

## ANALYSIS

---

[1] Where this court notes findings made in the relevant Basirico orders, any additional reasoning in those decisions is also adopted here and incorporated in this decision.

I.  Tort Claims

State Farm first asserts, generally, that none of plaintiff's claims other than for breach of contract can be maintained, because the Michigan No-Fault Act, Mich. Comp. Laws Ann. § 500.3101 et seq., provides the exclusive remedies for disputes concerning the payment of personal protection benefits.  As discussed and found by this court in the Basirico order dated December 5, 2006 (Case No. 05-74691, Docket Entry # 67), however, a tort claim may be actionable if the claim alleges actionable misconduct independent of a contractual breach.  See, e.g., Tennant v. State Farm Mutual Automobile Ins. Co., 143 Mich. App. 419, 425 (1985).

Turning to the specific tort claims pled by plaintiff, she has alleged silent fraud (Count I), fraud/misrepresentation (Count II), negligence (Count IV), and intentional infliction of emotional distress (Count V).  The court will examine these claims for their viability under the principles noted above.

First addressing silent fraud and fraud/misrepresentation, the well-established elements were set forth in the Basirico matter: "'to constitute actionable fraud it must appear: (1) That defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.'" Hi-Way Motor Co. v. International Harvester Co., 398 Mich. 330, 336 (1976) (quoting Candler v. Heigho, 208 Mich. 115, 121 (1919)).  For a claim of silent fraud, it must be shown that there was a purposeful suppression of information by a party with a legal, or equitable, duty to disclose the information under

4

the circumstances.  Hord v. Environmental Research Institute of Michigan, 463 Mich. 399, 412 (2000) (citing United States Fidelity and Guarantee Co. v. Black, 412 Mich. 99, 125 (1981).

As in the Basirico matter, the plaintiff in this case alleges that defendant's duty to accurately disclose plaintiff's no-fault benefits arises under the "Uniform Trade Practices Act ("UTPA"), Mich. Comp. Laws Ann. § 500.2001 et seq., case law, and equitable duties."  Complaint, ¶ 40.  And, just as this court found in Basirico, pursuant to Crossley v. Allstate Ins. Co., 155 Mich.App. 694, 697 (1987), the breach of a statutory duty owing under the UTPA cannot support an independent tort claim as a matter of law.  Id.  The motion will be granted to the extent plaintiff's silent fraud claims are based on a alleged duty to disclose arising under the UTPA.

Moving on to the defendant's duties allegedly owed under "case law and equitable duties," this court found in its Basirico decision issued December 5, 2006 that the relationship between the insured and the insurer is not a fiduciary relationship. Drouillard v. Metropolitan Life Ins. Co., 107 Mich. App. 608, 621 (1981).  In the absence of special duties imposed by virtue of such a relationship, as noted above, the only viable tort claims are those that are not "action[s] on the policy[.]"  Hearn v. Rickenbacker, 428 Mich. 32, 39-40 (1987).  Because there is no affirmative duty on the part of an insurer to explain no-fault benefits, see this court's 12/5/06 Basirico decision and Combs v. International Ins. Co., 354 F.3d 568, 577 (6th Cir. 2004), defendant's motion will also be granted to the extent it is based solely on the relationship between plaintiff and defendant as insured-insurer.

However, also as in Basirico, the motion will be denied to the extent defendant is alleged to have voluntarily assumed the duty to properly explain all available insurance benefits to plaintiff. See Hord, 463 Mich. At 412 (citing M & D, Inc. v. W.B. McConkey, 231 Mich.App. 22 (1998)). The plaintiff here alleges that defendant, "through its representations to its policyholders and employees, undertook the duty to disclose to Brandi Van Emon carefully and fully all benefits available under the insurance policy." Second Amended Complaint, ¶ 26. The document to which that allegation cites, entitled "Our Commitment to Our Policy Holders," is attached to the Third Amended Complaint as Exhibit A. The allegations referenced above are followed by asserted examples of testimony in other litigation against State Farm in which State Farm employees confirmed that State Farm does have a policy to disclose available benefits.

With that backdrop, plaintiff then labels its next section in the complaint "State Farm's Scheme to Defraud," and lists examples of State Farm employees rejecting claims for, or not explaining available benefits for, attendant care. It then lists 26 specific "material misrepresentations" made to plaintiff and/or plaintiff's agent or guardian, including the following representative sampling:

a. On or about December 12, 1989, State Farm adjuster Janet Lindstrom represented to Dee Brady, Brandi Van Emon's mother, that Dee's provision of care to Brandi was part of being a mother and that she was expected to provide this care to Brandi. In the context, this representation created the false impression that payment for family attendant care was not an appropriate benefit under the policy.

m. On or about August 14, 1992, Dee advised Tina Hamilton of State Farm that she planned to pay for Brandi's education out of her accident settlement funds (not first party funds). On or about June 11 1993, Dee advised [adjuster Sue] Laws that she intended to buy Brandi a modular home to accommodate Brandi with rest of Brandi's settlement money, in order to have Brandi closer to Dee and to

    assist with transportation. In both instance, State Farm was silent, creating the false impression that Brandi was not entitled to such benefits.

o.    In approximately early 1994, Sue Meyers, on behalf of State Farm, represented to Brandi that she may not be entitled to benefits for treatment of decubitus ulcers if caused by Brandi's failure to maintain her own health and "blatant misconduct."

p.    On or about August 8, 1994, Laws represented in writing to Brandi that she was not entitled to benefits for skin breakdowns because they are not the result of the auto accident, but due to Brandi's failure to provide good self care, while aware that Brandi could not provide herself with good self care because of cognitive and physical limitations.

u.    On or about January 4, 2001, while knowing that Brandi's caregivers were with her all day, [adjuster Linda] Scaletta obtained information regarding "actual services" performed for Brandi, but failed to mention or take into account on-call attendant care, thereby creating the false impression that on-call attendant care is not reimburseable.

z.    On or about December 2, 2004, Terri Chard represented to Brandi that State Farm would pay a "cost of living" increase in the attendant care rate to $9.27 per hour. State Farm created the false impression that this was an appropriate and reasonable rate.

Third Amended Complaint, ¶ 36.

      Consistent with the court's holding in Basirico, it will find that under a light most favorable to the plaintiff, she has alleged an actionable claim of silent fraud. Plaintiff has pointed to evidence supporting her contention that State Farm committed itself to explain all relevant no-fault coverage, but did not fully respond, or responded untruthfully, to questions posed by plaintiff or her agent about available insurance benefits. See Hord, 463 Mich. at 412, 12/05/06 Basirico ruling. The court will not grant defendant's motion to the extent plaintiff claims silent fraud on the alleged voluntary assumption of the duty to explain available insurance benefits to plaintiff or her agent.

Likewise, the court will not dismiss plaintiff's claims of fraud/misrepresentation.[2] As with the Basirico case, plaintiff here has alleged misrepresentations of State Farm adjusters, following State Farm's alleged voluntary assumption of a duty to explain all relevant coverages. The court, in the Basirico decision, distinguished the case of Bromley v. Citizens Ins. Co., 113 Mich. App. 131 (1982), where the court refused to impose liability on an insurance agent who opined incorrectly that the plaintiff's personal injuries were not covered by his automobile insurance company. In Basirico and the instant case, the insurance company is alleged to have issued a policy whereby it voluntarily assumed the duty to explain relevant coverage, and adjusters, rather than an agent, are alleged to have suppressed information or made misrepresentations concerning coverage. Plaintiff's fraud claim will stand.

Turning to plaintiff's claim of negligence (Count IV), the court has found that "a party may create a legal duty by voluntarily assuming a function it is not otherwise required to perform and, once assumed, the duty 'must be performed with some degree of skill or care." Basirico 12/05/06 decision, quoting Zychowski v. A.J. Marshall Co., Inc., 233 Mich. App. 229, 231 (1999). Following the reasoning in the Basirico decision, and considering the pleadings in a light most favorable to the plaintiff, it is possible that plaintiff could present evidence consistent with her pleadings which would support a

---

[2] As in Basirico, the court finds that plaintiff has plead fraud with the requisite particularity under Fed. R. Civ. P. 9(b), with the exception of the time, place, and receipt of the "Our Commitment to Our Policy Holders" document, and hereby is granted leave, solely to correct that deficiency, through the prompt filing of a Third Amended Complaint. The court is also not convinced that plaintiff failed to plead sufficient facts to toll the statute of limitations applicable to fraud claims. See Basirico 12/05/06 decision, p. 14.

finding that defendant was negligent in performing the duty, voluntarily assumed, to explain available no-fault benefits.  The court will not dismiss this claim.

Unlike the plaintiff in the Basirico case, the plaintiff here has also made a claim of intentional infliction of emotional distress.  Such a claim, under Michigan law, requires a plaintiff to prove the following: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress."  Hayley v. Allstate Ins. Co., 262 Mich. App. 571, 577 (2004).  Defendant also cites to Hayley for the proposition that the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."  Id.

The specific allegations in this count are as follows:

64. At various times, State Farm, through its employees, representatives, and agents, engaged in extreme and outrageous conduct with respect to Plaintiff, whom State Farm knew suffered from severe emotional, psychological, and behavioral problems as a result of the motor vehicle accident.  This conduct includes but is not limited to repeatedly telling Plaintiff that State Farm would put her in a nursing home in response to questions regarding benefits or other issues; telling Plaintiff that she was being non cooperative and that State Farm would not consider benefits when State Farm was aware that Plaintiff did not have reliable transportation, did not have a telephone, and did not have the capability to arrange for transportation; imposed unreasonable and harsh requirements for benefits, including agreeing to pay for health club dues for exercise classes only if Plaintiff lost five pounds a month.

Third Amended Complaint, ¶ 64.  Although establishing that actions taken by defendant rise to the level required for this tort appears to pose a significant challenge for plaintiff, the court will not dismiss at this juncture.  In the Hayley case, the court was considering the tort on a motion for summary dismissal.  It stated that "where reasonable individuals may differ, it is for the jury to determine if the conduct was so extreme and outrageous

as to permit recovery." Hayley, 262 Mich. App. at 577-78 (citing Teadt v. Lutheran Church Missouri Synod, 237 Mich. App. 567, 582 (1999)).  Nevertheless, it determined that there was no evidence of "extreme and outrageous conduct on the part of defendants' agents." Id.  Without factual development in this case, it is impossible for the court to determine that a reasonable person would not consider the alleged statements of defendant's representatives concerning institutionalization to an allegedly emotionally disabled person "extreme and outrageous" behavior.  This claim will survive defendant's motion.

II. Michigan Consumer Protection Act

Defendant asserts it is entitled to dismissal of plaintiff's claims brought under the Michigan Consumer Protection Act, alleging liability for violations of the UTPA, specifically, Mich. Comp. Laws Ann. §§ 500.2006(3), 2026(1).  As discussed in the 12/05/06 Basirico decision, in 1999 the Michigan Supreme Court held in Smith v. Globe Life Insurance Co., 460 Mich. 466, 467 (1999), that a private cause of action could be maintained under the MCPA for violations of the UTPA.  The legislature in Michigan then amended the MCPA in 2000, effective March 28, 2001, providing that the MCPA does not apply or create a private cause of action for violations of the UTPA.  See Mich. Comp. Laws Ann. § 445.904(3).

This court found in Basirico, citing two unpublished decisions of the Michigan Court of appeals, Kitterman v. Michigan Educational Employees Mutual Ins. Co., No. 247428, 2004 WL 1459523 at *7 (Mich. Ct. App. June 29, 2004) (unpublished), and Kubiak v. Heritage Ins. Co., No. 240936, 2004 WL 133999 at *3 (Mich. Ct. App. Jan. 27, 2004) (unpublished), that the 2000 amendment to the MCPA has only *prospective*

application, and thus does not bar claims accruing prior to amendment. As discussed in greater length in Basirico, the Kubiak court held that "unless the Legislature clearly indicates otherwise, a statute is not given retroactive effect if it impairs vested rights." Id. Therefore, State Farm's motion to dismiss Basirico's MCPA claims alleging liability based on the UTPA, via the retroactive application of Mich. Comp. Laws Ann. § 445.904(3) as amended in 2000, is denied. As the court found in Basirico, and considering the pleadings in a light most favorable to the plaintiff, it could be established that plaintiff has MCPA claims which accrued prior to the March 28, 2001 amendment date.

III. "One Year Back" Rule of Michigan No-Fault Statute

Section 3145 of the No-Fault Act provides that:

(1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. *However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.* The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his inquiry.

Mich. Comp. Laws Ann. § 500.3145(1) (emphasis added). As discussed in the 12/05/06 Basirico decision, the DeVillers case was decided by the Michigan Supreme Court in 2005, which held that the one year back rule must be enforced by courts according to its

11

"plain and unambiguous terms," overruling Lewis v. DAIIE, 426 Mich. 93 (1986) and Johnson v. State Farm Mutual Automobile Ins. Co., 183 Mich. App. 752 (1990).

As discussed and found in the Basirico 12/05/06 decision, p. 20:

> this court is convinced that the Michigan Supreme Court, if faced with the issue, would rule that the "one-year back" rule found in Mich. Comp. Laws Ann. § 500.3145(1) limits the recovery of damages for unpaid no-fault insurance benefits to one year back from the time the lawsuit is filed, regardless of the theory of recovery, and is not a statute of limitations subject to tolling.  The Grant cases illustrate that an insured cannot merely relabel a claim to recover no-fault insurance benefits as, for example, an MCPA claim, as was attempted in Grant, to avoid the "one-year back rule. The Devillers decision emphasizes that the "one-year back" rule will be enforced by the Michigan Supreme Court as written, and therefore a no-fault insured suing his insurer to recover previously withheld or unpaid no-fault benefits "may not recover benefits for any portion of the loss incurred more than one year before that date on which the action was commenced."  Mich. Comp. Laws Ann. § 500.3145(1).

Thus, as stated in Basirico, under the line of authority in the Grant (Grant v. AAA Michigan, Wisconsin, Inc., 474 Mich. 988 (2005), and on remand in Grant v. AAA Michigan, Wisconsin, Inc., 272 Mich. App. 142 (2005)), DeVillers, and Cameron (Cameron v. Auto Club Ins. Co., 476 Mich. 55 (2006) cases, this court again finds that Mich. Comp. Laws Ann. § 500.3145(1) limits the recovery of damages for unpaid no-fault insurance benefits to one year back from the time the lawsuit is filed.  This rule concerning no-fault insurance benefits applies regardless of the theory of recovery, and is not a statute of limitations subject to tolling.

Nonetheless, as the court also found in Basirico, this ruling does not affect the court's findings concerning plaintiff's claims of silent fraud, fraud/misrepresentation, negligence, intentional infliction of emotional distress, or violations of the UTPA as actionable under the MCPA.  By the very terms of Mich. Comp. Laws Ann. §

500.3145(1), the one-year back rule applies only to recovery of no-fault insurance benefits.  As discussed in various places throughout this opinion, these claims are not actions on the contract of insurance, and thus the one-year back rule does not apply to bar all or any part of these claims.

IV.  Claims for Room and Board

As in Basirico, dismissal at this juncture of plaintiff's "room and board" claim is inappropriate.  Defendant asserts this claim is not permitted under Griffith v. State Farm Mutual Auto Ins. Co., 472 Mich. 521 (2005), which held that room and board expenses are not compensable where those expenses are not attributable to the accident, and/or the expenses were not representative of the care, recovery, or rehabilitation of the insured individual, therefore they were not "allowable expenses" under Mich. Comp. Laws Ann. § 500.3107(1)(a).  Various allegations in plaintiff's Second Amended Complaint assert that she requires housing and accommodations as a result of the accident.  Like this court found in Basirico, defendant is not entitled to dismissal of these claims, because it it possible that plaintiff could develop a factual record that would support a claim consistent with Griffith.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED IN PART and DENIED IN PART.  Plaintiff's claims of silent fraud are dismissed to the extent they rely on an insurer's alleged duty to disclose under the UTPA or the insurer-insured relationship.  Plaintiff is hereby granted leave to file a Third Amended Complaint, no later than February 16, 2006, pleading with particularity when, where, and by whom the "Our Commitment to Our Policy Holders" documents was

communicated to plaintiff or her agents. As found above, plaintiff's recovery of no-fault benefits, no matter the theory of recovery, will be limited as a matter of law under Mich. Comp. Laws Ann. § 500.3145(1) to benefits owing on or after July 1, 2004. Plaintiff's potential recovery of damages, to the extent she does not seek no-fault insurance benefits, is not limited by the "one-year back" rule of Mich. Comp. Laws Ann. § 500.3145(1).

    IT IS SO ORDERED.

Dated: January 26, 2007

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 26, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---