UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI VAN EMON,

       Plaintiff,

v.

STATE FARM MUTUAL AUTO-
MOBILE INSURANCE COMPANY,

       Defendant.
_____/

CIVIL ACTION NO. 05-72638

DISTRICT JUDGE GEORGE C. STEEH

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER IN REGARD TO PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION AND FIRST REQUEST FOR ADMISSIONS

Defendant's Motion for a Protective Order in Regard to Plaintiff's Fourth Request for Production and First Request for Admissions was referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, for hearing on January 18, 2007. Thereafter, Defendant was ordered to produce certain documents to the magistrate judge for in camera review. Defendant complied with that Order, and Plaintiff responded to the in camera production by the filing of an Affidavit by Gary T. Frye. Having reviewed Defendant's Motion, together with Plaintiff's Response, and having had the benefit of argument and an in camera review of documents, I find that Defendant's Motion should be denied.

The motion seeks to protect State Farm documents and information regarding the "Advancing Claims Excellence" program ("ACE"). ACE was a survey of randomly selected closed claims files involving benefits pay outs of less than $250,000.00. It is undisputed that Plaintiff's claims file remains active, and involved benefits in excess of $250,000.00. It is further undisputed that Plaintiff's case was not reviewed in connection with the ACE

program. On that basis, Defendant maintains that the information sought by Plaintiff is irrelevant to her claims in this action, and that a protective order is warranted.

My in camera review of documents submitted by Defendant indicates that the ACE program led to the development of "initiatives" to render the handling of loss claims by State Farm employees more efficient and less costly for the defendant. The documents further indicate that many of the initiatives have been implemented by Defendant in its Michigan operations. While my in camera review does not confirm whether claims handling policies implemented as a consequence of the ACE initiatives were applied to Plaintiff's case, that question is the proper subject of discovery. It is well established that the concept of relevancy under the Federal Rules of Civil Procedure governing discovery is broad.

The Court of Appeals of Michigan decision upon which Defendant primarily relies[1] does not address the issue of relevancy for discovery purposes, but concerns itself with the concept of relevancy as applied in determining the admissibility of evidence at trial. The only matters referred to the magistrate judge in this case relate exclusively to the process of discovery. It is well established that information within the scope of proper discovery need not be admissible at trial.

IT IS THEREFORE ORDERED that Defendant's Motion for a Protective Order in Regard to Plaintiff's Fourth Request for Production and First Request for Admissions is denied.

                                                           s/Donald A. Scheer  
                                                           DONALD A. SCHEER  
DATED: March 26, 2007              UNITED STATES MAGISTRATE JUDGE

---

[1] Crump v. State Farm Mutual Automobile Insurance Company, 2005 WL 3303978 (Mich.App.).

2

## CERTIFICATE OF SERVICE

I hereby certify on March 26, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 26, 2007.  **None.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217