UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI VAN EMON,

        Plaintiff,

                                        Case No. 05-CV-72638

vs.

                                        HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH COURT'S ORDER AND FED. R. CIV. P. 12(b)(6) (DOC. # 110) AND DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO NEW PRECEDENT (DOC. # 121)

Before the court in this case filed by an insured against her no fault insurance carrier are two motions to dismiss brought by the defendant insurance carrier.[1] For the reasons given below, defendant's 12(b)(6) motion is granted in part and denied in part, and defendant's motion made "pursuant to new precedent" is denied.

The first motion asserts that because an order of the court issued on January 26, 2007 stated that the "[p]laintiff is hereby granted leave to file a Third Amended Complaint" on or before February 16, 2007[2], "pleading with particularity when, where, and by whom the 'Our Commitment to Our Policy Holders' document was

---

[1] As provided in E.D. Mich. LR 7.1(e)(2), the court hereby ORDERS that these motions will be resolved without oral argument.

[2] The court's order actually gave the date of February 16, 2006, which was a typographical error.

communicated to plaintiff or her agents," and that amended complaint was never filed, defendant is entitled to dismissal of Counts I, II, and IV.  In its second dismissal motion, defendant contends that pursuant to the Michigan Supreme Court's March 21, 2007 denial of leave to appeal the decision in Grant v. AAA Michigan, Wisconsin, Inc. (On Remand), 272 Mich.App. 142 (2006), as well as precedent such as the unpublished Michigan Court of Appeals decision Cooper v. Auto Club Ins. Assoc., No. 261736, 2006 WL 3373078 (Mich. Ct. App. Nov. 21, 2006), defendant is entitled to dismissal of Counts I, II, IV, and VI.

As the parties are aware, the court recently ruled on these two issues in the case of Basirico v. State Farm, # 05-74691.  In that matter, the court granted the 12(b)(6) motion to dismiss as to plaintiff's silent fraud claim, without prejudice, to the extent the plaintiff's silent fraud claim was premised on representations made in the "Our Commitment to Policy Holders" document.  As the court reasoned in that decision, that action allowed "Basirico to seek leave to add the claim later in these proceedings should Basirico uncover factual support for the reasonable reliance element of the claim, alleging with particularity when, where, and by whom the document was communicated to Moffitt or his agents."  4/23/07 Basirico order, Doc. # 95, p. 4.  The court will not vary from this decision here.  Accordingly, plaintiff Van Emon's silent fraud claim, to the extent it is premised on representations allegedly made in the "Our Commitment to Policy Holders" document, is hereby dismissed without prejudice.[3]  The failure of plaintiff

---

[3] As the court warned in Basirico, leave to file an amended complaint may be denied as futile if the amendment would not survive a motion to dismiss.  Foman v. Davis, 371 U.S. 178, 182 (1962).

2

to file an amended complaint does not affect her remaining silent fraud claims, or her claims of fraudulent misrepresentation and negligence.

Likewise, the court will rule on the second dismissal motion in accordance with Basirico. Therefore, that motion is hereby denied, for the reason that its prior rulings are unaffected by the Michigan Supreme Court's denial of leave to appeal in Grant, and because its argument concerning the Michigan Court of Appeals decision in Cooper, decided prior to the court's January 26, 2007 ruling, does not persuade the court otherwise. As the court previously ruled, as in Basirico, "under the line of authority in the Grant, DeVillers, and Cameron cases (citations omitted), this court again finds that Mich. Comp. Laws Ann. § 500.3145(1) limits the recovery of damages for unpaid no-fault insurance benefits to one year back from the time the lawsuit is filed. This rule concerning no-fault insurance benefits applies regardless of the theory of recovery, and is not a statute of limitations subject to tolling." To further reiterate, "[t]his ruling does not affect the court's findings concerning plaintiff's claims of silent fraud, fraud/misrepresentation, negligence, intentional infliction of emotional distress, or violations of the UTPA as actionable under the MCPA. By the very terms of Mich. Comp. Laws Ann. § 500.3145(1), the one-year back rule applies only to recovery of no-fault insurance benefits. As discussed in various places throughout this opinion, these claims are not actions on the contract of insurance, and thus the one-year back rule does not apply to bar all or any part of these claims." 1/26/07 Van Emon order, Doc. # 100, pp. 12-13.

For the reasons given above, defendant's motion to dismiss for failure to comply with court's order and Fed. R. Civ. P. 12(b)(6) is hereby GRANTED IN PART AND

DENIED IN PART, and defendant's motion to dismiss pursuant to new precedent is hereby DENIED.

IT IS SO ORDERED.

Dated: May 31, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 31, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk