UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI VAN EMON,

          Plaintiff,

vs.

          Case No. 05-CV-72638

          HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE, COMPANY,

          Defendants.

_____/

ORDER GRANTING DEFENDANT'S MOTION
TO AMEND AFFIRMATIVE DEFENSES

This lawsuit arises out of an automobile accident which rendered plaintiff Brandi Van Emon a paraplegic. She brought this suit against State Farm Mutual Automobile Insurance, Company (State Farm) for breach of contract seeking personal protection insurance (PIP) benefits under Michigan's No-Fault Act, MCL § 500.3142 and tort claims of silent fraud, fraud/misrepresentation, negligence and intentional infliction of emotional distress.[1] Now before the court is State Farm's motion to file amended affirmative defenses. It should be noted that State Farm has already filed three affirmative defenses in response to the complaint, the amended complaint, and the second amended complaint. State Farm is seeking to add a statute of limitations defense to each of the tort claims pending. In its earlier filed affirmative defenses, State Farm argued that all of Van Emon's claims were barred by the Michigan No-Fault Act

---

[1]This court dismissed the silent fraud claim without prejudice on May 31, 2007.

one-year back rule under MCL § 500.3145(1) and/or the one-year statute of limitations.

On January 26, 2007, this court issued its order denying State Farm's motion to dismiss.[2]  In that order, this court rejected State Farm's claim that the Michigan's No-Fault law preempted Van Emon's tort claims and further held that the one-year back rule does not apply to bar any of Van Emon's claims sounding in tort.  State Farm now seeks to amend its affirmative defenses to aver that Van Emon's tort claims are time-barred.  Specifically, the new affirmative defense states:

> That the applicable statute of limitations for bringing such actions has elapsed as further discovery will establish, prior to the filing of this lawsuit and, therefore, Plaintiff's action is barred by the running of the period of limitations applicable hereto.

This differs from the original defense pled which sought to dismiss for failure to meet the one-year statute of limitations under the No-Fault Act.

Federal Rule of Civil Procedure 15(a) provides that "leave to amend shall be freely given when justice so requires."  In Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court explained that leave must be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  The Supreme Court has explained that leave to amend under Rule 15(b) should be liberally given so that matters may be considered on the merits "rather than in terms of the relative pleading skills of counsel."  Brandon v. Holt, 469 U.S. 464, 471 fn20 (1985) (quoting 6

---

[2]Although State Farm titled its motion as one for "summary judgment," this court heard the matter as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

C. Wright & A. Miller, Federal Practice and Procedure § 1491, pp. 453, 454 (1971 Ed. and Supp. 1983)).

The circumstances presented here militate in favor of amendment. Van Emon argues that the amendment would be futile because the statute of limitations periods are tolled because of fraud or estoppel. Van Emon's argument requires significant fact finding which is more properly the subject of a dispositive motion or trial on the merits after the discovery period has ended.

The court cannot find that State Farm unduly delayed in seeking to amend its affirmative defenses. State Farm's defense has been that the tort claims are barred by the No Fault Act or are subject to the one-year statute of limitations under that Act. State Farm has filed two motions to dismiss based on this theory. This court rejected that argument in its January 26, 2007 order and again in its order dated May 31, 2007. It has been only six months since the court rejected State Farm's one-year statute of limitations argument. This does not amount to "undue delay." Van Emon contends that it is prejudiced because the case has been pending for two years, but she admits that the trial is not scheduled to begin until May, 2008. Under the court's scheduling order, discovery is extended until April 4, 2008.

State Farm must be allowed to amend its affirmative defenses here to add a statute of limitations defense to its tort claims. Van Emon can show no prejudice because State Farm always had a statute of limitations defense in each of its prior answers to the three different complaints at issue here. In those answers, State Farm argued that all of Van Emon's claims were barred by the one-year back rule set forth in Michigan's No-Fault Act. Having lost that argument in its two motions to dismiss, State

Farm will not be prohibited from amending its affirmative defenses to plead that the statute of limitations for its tort claims of fraud, negligence and intentional infliction of emotional distress has run. Van Emon was on notice that State Farm intended to prove that her claims were barred by the statute of limitations since State Farm's first answer which averred:

> That the Plaintiff's Complaint is barred in whole or in part by the "one-Year-Back Rule" and/or the one year Statute of Limitations of the Michigan No-Fault Act and, therefore, the Plaintiff's Complaint must be dismissed to that extent.

State Farm's first Answer and Affirmative Defenses was filed on August 8, 2005.

The fraudulent misrepresentation claim carries the longest limitation period of six years. MCL § 600.5813; Badon v. General Motors Corp., 188 Mich. App. 430, 435 (1991). The negligence claim carries a statute of limitations period of three years. MCL § 600.5805(10); Ostroth v. Warren Regency GP, LLC, 474 Mich. 36, 41 (2006).[3] Similarly, the intentional infliction of emotional distress claim is subject to a three-year statute of limitations period. MCL 600.5805(10); Lemmerman v. Fealk, 449 Mich. 56, 63-64 (1995).

Given that State Farm's affirmative defenses have always pled a statute of limitations defense, albeit a limitations period of one-year under Michigan's No Fault Act, the court cannot see how Van Emon would be harmed if it is now asked to defend against the longer statute of limitations periods under the various tort theories at issue here. In reaching this conclusion, the court is mindful that Van Emon has been allowed

---

[3]Section 600.5805 has been amended so that current subsection (10) was formerly subsection (8). Ostroth, 474 Mich. at 41, fn4.

4

to amend her complaint twice and the court even allowed Van Emon to replead her silent fraud claim in a third amended complaint, which she has not done.

For the reasons stated above, State Farm's motion to amend its affirmative defenses is hereby GRANTED and the court shall accept for filing State Farm's affirmative defenses (docket entry #176) dated November 7, 2007.


Dated: January 3, 2008

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 3, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee

Deputy Clerk