UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI VAN EMON,

          Plaintiff,

vs.

Case No. 05-CV-72638

HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE, COMPANY,

          Defendant.

_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDERS
## AND GRANTING DEFENDANT'S MOTIONS FOR STAYS

This lawsuit arises out of an automobile accident which rendered plaintiff Brandi Van Emon a paraplegic. She brought this suit against State Farm Mutual Automobile Insurance, Company (State Farm) for breach of contract seeking personal protection insurance (PIP) benefits under Michigan's No-Fault Act, MCL § 500.3142 and tort claims of silent fraud, fraud/misrepresentation, negligence and intentional infliction of emotional distress.[1] Now before the court are two appeals of orders entered by Magistrate Judge Scheer. Both underlying orders were entered on October 18, 2007. The two orders involve different discovery disputes. The first order is an order denying in part and granting in part defendant State Farm's motion for reconsideration. This matter involves State Farm's failure to produce discovery relating to the Advancing Claims Excellence (ACE) program. The request for ACE documents was made in

---

[1]This court dismissed the silent fraud claim without prejudice on May 31, 2007.

plaintiff's fourth request for production of documents dated November 10, 2006. The second order involves a different discovery dispute - defendant's failure to respond to plaintiff's first set of interrogatories and first set of production requests dated January 26, 2007. In that order, Magistrate Judge Scheer entered sanctions of $44,000 for State Farm's late production of 2,000 papers in response to interrogatories and document requests. In addition to its two appeals, State Farm also has filed two "emergency" motions to stay compliance pending its appeals here. A hearing was held on December 20, 2007. From the bench, this court granted the emergency motions to stay compliance pending a decision on the appeals.

## STANDARD OF LAW

The court reviews the nondispositive orders of Magistrate Judge Scheer under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). In reviewing whether the Magistrate Judge erred in awarding sanctions, this court applies the "abuse of discretion" standard. See Nelson v. Tennessee Gas Pipeline Co., 243 F.3d 244, 248 (6th Cir. 2001), cert. denied, 534 U.S. 822 (2001); Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 291 (W.D. Mich. 1995).

## BACKGROUND

Plaintiff Brandi VanEmon was involved in an automobile accident in January 1989 whereby she suffered a closed head injury rendering her a paraplegic. She

2

brought this lawsuit against defendant State Farm for breach of contract seeking personal protection insurance (PIP) benefits under the No Fault Act. She also alleges several tort claims, including (1) silent fraud, (2) fraud/misrepresentation, (3) negligence, and (4) intentional infliction of emotional distress. Defendant filed a motion to dismiss[2] claiming that none of plaintiff's claims, other than the breach of contract count, could be maintained because the Michigan No-Fault Act provided the exclusive remedy. In this court's January 26, 2007 order, all of plaintiff's tort claims survived dismissal except for the silent fraud claim to the extent that it relied "on an insurer's alleged duty to disclose under the UTPA or the insurer-insured relationship." The court granted plaintiff leave to file a third amended complaint to replead the fraud claim with appropriate specificity. Plaintiff has not filed a third amended complaint. On May 31, 2007, this court dismissed the silent fraud claim without prejudice for plaintiff's failure to replead it.

## DISCUSSION

A.  <u>Order denying motion for reconsideration</u>

On November 10, 2006, plaintiff served defendant with its fourth request for production of all documents regarding the Advancing Claims Excellence (ACE) program. ACE was an internal review of catastrophic claims handling procedures based on a survey of randomly selected closed claims files involving benefits pay outs of less than $250,000. According to plaintiff, the purpose of the ACE program was to "obtain huge savings in claims costs" which provided "strong incentives for the deliberate or negligent underpayment of claims." Defendant sought a protective order

---

[2]This court converted defendant's motion for summary judgment to a motion to dismiss for failure to state a claim.

barring the production of the ACE documents on the grounds that the documents are irrelevant and unsupportive of plaintiff's silent fraud and misrepresentation claim. Magistrate Judge Scheer ordered defendant to produce some of the documents for in camera review. Upon review, Magistrate Judge Scheer denied defendant's motion for a protective order. In his written order dated March 26, 2007, Judge Scheer explained:

> My in camera review of documents submitted by Defendant indicates that the ACE program led to the development of "initiatives" to render the handling of loss claims by State Farm employees more efficient and less costly for the defendant. The documents further indicate that many of the initiatives have been implemented by Defendant in its Michigan operations. While my in camera review does not confirm whether claims handling policies implemented as a consequence of the ACE initiatives were applied to Plaintiff's case, that question is the proper subject of discovery.

Defendant then filed a motion for reconsideration of the March 26, 2007 order. In its motion, defendant argued that the ACE documents are not pertinent in time to plaintiff's PIP claim, but that plaintiff is merely on a "fishing expedition." Defendant relies on the Michigan Court of Appeals decision in Grant v. AAA, Mich./Wisc. Ins., 272 Mich. App. 142 (2006), leave denied, 477 Mich. 1043 (2007)[3] for the proposition that the "one-year back" rule, MCL § 500.3145 limits plaintiff's claim to losses occurring on or after July, 2004.[4] This court rejected those arguments in its May 31, 2007 order denying defendant's motion to dismiss pursuant to new precedent.

---

[3]Defendant also cites to Grant v. AAA, Mich./Wisc. Ins., 266 Mich. App. 597 (2005) (holding that MCPA claim is preempted by no-fault claim so "one-year back" rule applies limiting plaintiff's claim).

[4]On April 2, 2007, defendant renewed its motion to dismiss based on the Grant case. This court denied the motion, holding that Grant did not affect the court's denial of defendant's motion for summary judgment entered on January 26, 2007.

On October 18, 2007,[5] Magistrate Judge Scheer entered his order granting in part and denying in part defendant's motion for reconsideration. In that order, he required defendant to produce all of the ACE documents discussed in the court's March 26, 2007 order no later than November 15, 2007. Defendant is now in default of that order. That order also included a protective order requiring that plaintiff may only use the documents for the prosecution of this case. Defendant has filed objections to the order granting in part and denying in part defendant's motion for reconsideration. In its objections, defendant argues again that the ACE program is irrelevant. It accuses plaintiff of using the ACE discovery to "accumulate discovery relative to an as yet unrealized institutional case against State Farm." In other words, defendant claims that plaintiff is preparing a class action lawsuit.

Defendant claims that any discovery with respect to the ACE program is irrelevant. Defendant explains that the ACE program consists of an internal review of randomly selected closed files with a total benefit payout of less than $250,000. According to defendant, the ACE project does not refer to plaintiff's claim. State Farm accuses plaintiff of improperly using the ACE program documents, not for this plaintiff's case, but in an attempt to create a class action lawsuit.

State Farm relies on the unpublished decision of <u>Crump v. State Farm Mut. Auto. Ins. Co.</u>, No. 256558, 2005 WL 3303978 (Mich. App. Dec. 6, 2005) to support its claim that the ACE documents are not the proper subject of discovery. In that case, like the instant action, plaintiff was seriously injured in a motor vehicle accident and brought suit

---

[5]This is the date docketed, although October 18, 2007 was a Saturday.

against State Farm for breach of the insurance contract claim for its alleged failure to pay adequate benefits.  Id. at 1.  During discovery, State Farm produced the ACE documents but sought a protective order preventing plaintiff from using the ACE documents at trial.  Id.  The court granted the protective order on the grounds that the ACE documents were privileged as self-evaluative audits under MCL § 500.221.  Plaintiff then sought leave to bring an interlocutory appeal of the order barring the ACE documents from trial, but opposed a stay of the trial pending the appeal.  Id.  Instead, plaintiff chose to proceed to trial without the ACE documents.  Id.

On appeal, the Court of Appeals held that plaintiff had waived any claim of prejudice regarding those documents by opposing a stay and insisting on going to trial without the ACE documents.  Id.  State Farm cites to a footnote in Crump, in which the Court of Appeals noted that the ACE project was little more than documents 'created during an internal review of State Farm's catastrophic claims handling procedures for purely business reasons: to improve employee efficiency and cost-effectiveness.'"  Id. at 1, fn2.

The holding of Crump is inapplicable here.  In Crump, unlike the present matter, State Farm produced the ACE documents during discovery.  Only after conducting an in camera review of the documents did the trial court rule that the ACE documents were barred from admission at trial because the documents at issue were privileged.  The trial court did not rule on the relevance of the ACE documents.  Our case, by contrast, regards discovery of the ACE documents, not trial production.  As Magistrate Judge Scheer noted in his order requiring that the ACE documents be produced, only upon review can a determination of relevance be made.  Magistrate Judge Scheer explained

that whether or not the ACE initiatives were applied to plaintiff's case is a proper subject of discovery.

Defendant also relies on the Grant case for the proposition that the "one-year back" rule limits discovery to the period of time beginning on July of 2004 and since the ACE documents were created well prior to July of 2004, they are not discoverable. In its January 26, 2007 order denying defendant's motion to dismiss, this court considered and rejected defendant's argument that the "one-year back" rule applied to plaintiff's tort claims. In that order, this court explained that the "one-year back" rule was limited to recovery of no-fault insurance benefits only and did not bar plaintiff's claims of silent fraud, fraud/misrepresentation, negligence, intentional infliction of emotional distress, or violations of the UTPA.

Plaintiff responds that defendant's objections are untimely because defendant did not file objections to the March 26, 2007 order. Plaintiff's timeliness argument lacks merit as defendant timely moved for reconsideration of the March 26, 2007 order on April 5, 2007. In its motion for reconsideration, State Farm argued that new precedent existed, namely Grant v. AAA, Mich./Wisc., Inc., 272 Mich. App. 142 (2006), leave denied, 477 Mich. 1043 (2007) which limited plaintiff's claim to the one year period prior to the filing of the case which would be July, 2004. On October 18, 2007, Magistrate Judge Scheer granted in part and denied in part defendant's motion for reconsideration. Defendant timely filed objections to that order. Given this scenario, the allegation of timeliness lacks merit.

Second, plaintiff argues that Magistrate Judge Scheer's order granting in part and denying in part defendant's motion for reconsideration is not "clearly erroneous."

7

Plaintiff maintains the ACE documents are relevant with respect to its tort claims as they may show that defendant implemented programs that "could provide strong incentives for the deliberate or negligent underpayment of claims, for the withholding of benefit information." Furthermore, plaintiff claims the ACE documents might be relevant with respect to its Consumer Protection Act claim because it "relates to the incentive for the failure to effectuate prompt, fair, and equitable settlements and the substantial underpayment of claims."

Defendant's main argument in favor of its objections to Magistrate Judge Scheer's October 18, 2007 order regarding the motion for reconsideration is that the Grant case bars the tort actions under the "one-year back" rule. This court rejected that argument twice already, first, in the denial of defendant's motion to dismiss on January 26, 2007 and secondly, in the denial of defendant's motion to dismiss pursuant to new precedent dated May 31, 2007. Under these facts, defendant has failed to show that Magistrate Judge Scheer's order was clearly erroneous or contrary to law. For this reason, this court shall affirm Magistrate Judge Scheer's order denying in part and granting in part State Farm's motion for reconsideration.

B.     Order Imposing Sanctions

On October 18, 2007, Magistrate Judge Scheer entered an order imposing sanctions on the defendant. The sanctions include $40,800 for 136 documents produced late at a cost of $300 per document, and $4,000 for four documents which it failed to produce under a claim of privilege. These sanctions are to be paid to the plaintiff as attorney fees. These fines were ordered to be paid within ten business days of the entry of the order, in other words, on or before October 31, 2007. The parties

agreed to extend the date for compliance to November 9, 2007. The order further requires defendant to produce another nine documents.[6] For each document produced voluntarily, the fine is $600. If defendant feels the documents are privileged, defendant may produce the documents for the court to review. If the court finds that a document is discoverable, defendant is fined $2,000 per document. The court further ruled that defendant must pay reasonable attorney fees and costs incurred by plaintiff's counsel in connection with the supplemental motion to compel and for sanctions.

The October 18, 2007 order imposing sanctions stems back to defendant's failure to respond to plaintiff's first set of interrogatories and first document production request which were served on January 27, 2006. Those requests involve training materials for State Farm claims representatives and claim handling policies and manuals, among other things. When State Farm failed to respond to the discovery requests, plaintiff filed a motion to compel on March 31, 2006. State Farm filed a response on April 13, 2006. State Farm claims that plaintiff sought production of documents that it had already provided to plaintiff's counsel in other cases over a period of ten years. Defendant claims it offered to "authenticate" all of the documents already in plaintiff's possession that would be responsive. On April 27, 2006, Magistrate Judge Scheer ordered defendant to provide answers and responsive documents no later than May 18, 2006. He also ordered defendant to pay $750 in attorney fees to plaintiff which State Farm paid three weeks late. He also ruled that defendant had waived all

---

[6]These include, among other things, the entire Auto Claim Manual General Information Section, Medical Payment Coverage, Auto Claims Manual Memos, General Claims Memos, and Auto Claims - Records Mgt Manual.

objections except for privilege and required that defendant set forth the elements and facts of each privilege claimed.

The parties met again for a hearing on May 23, 2006. At that time, defendant produced nearly 200 documents on the courthouse steps. At the May 23, 2006 hearing, Magistrate Judge Scheer noted that he could not determine if State Farm had violated the order, but if it had, he would recommend striking defendant's answer. On June 20, 2006, Magistrate Judge Scheer entered a stipulated order requiring that defendant respond to plaintiff's first set of interrogatories dated January 27, 2006 and respond to her first request for production of documents dated January 27, 2006. Plaintiff claims that defendant still did not comply so plaintiff filed a supplemental motion to compel and for sanctions. In that motion, plaintiff claimed that State Farm had "produced only 218 pages of the no-fault manuals, policies and procedures; that Defendant had failed to provide all attendant care tools regarding attendant care rates in the state of Michigan; and that Defendant had failed to produce all responsive, non-privileged documents, including claim committee reports and large loss PIP surveys."

Defendant's position was that it had produced all of the requested materials with respect to the no-fault portions of the Claim Manual and that "to the extent that Plaintiff had documents from other cases that we had not provided, Defendant would review said documents and authenticate same if able." Defendant claims it made this peculiar offer not to obfuscate its duty to provide discovery, but because, as a practical matter, over the course of time, not all documents had been maintained. Defendant also claims confusion as to what documents were required to be produced.

Magistrate Judge Scheer heard argument on September 28, 2006. On October

18, 2006, he ruled that plaintiff's counsel should produce a list of the documents received from the defendant in other litigation in response to similar document requests and ordered defendant to produce responsive documents. Once again, defendant stood by its earlier limited response and produced nothing new. Magistrate Judge Scheer then scheduled another hearing for December 7, 2006.

On December 7, 2006, Magistrate Judge Scheer heard argument. On January 3, 2007, Magistrate Judge Scheer scheduled an evidentiary hearing to determine defendant's compliance with the courts prior orders of April 27, 2006, June 20, 2006, and October 17, 2006 - all of which addressed the first interrogatories and first requests to produce dated January 27, 2006. His order cautioned State Farm that "the Court shall sanction Defendant for each document that the Court finds was properly requested and not produced." The hearing was adjourned to February 12, 2007. On February 9, 2007, State Farm produced over 2,000 pages of documents. At the hearing, Magistrate Judge Scheer imposed sanctions for responsive documents produced late. On May 1, 2007, he held another hearing over the proposed order to impose sanctions whereby he expressed his frustration with the defendant:

> You had opportunity after opportunity to identify and produce these documents and then on the eve of the grand hearing - that I called and set in order to save my own sanity - as much as anything in this case, the documents were somehow produced, and I sanctioned them, and I stick to that.

Magistrate Judge Scheer carefully reviewed the documents and found that 136 documents were produced late that were responsive. His order, dated October 18, 2007, imposed a fine of $300 on each of the 136 documents in question and another $4,000 for four documents whereby defendant waived its claim of privilege because the

defense was raised for the first time on February 9, 2007. Magistrate Judge Scheer entered the order imposing sanctions on October 18, 2007.

Defendant has filed objections to Magistrate Judge Scheer's order imposing sanctions.[7] In its objections, it contends that the documents are not relevant and were not willfully withheld. It asks that this court stay the imposition of sanctions pending the trial of this case and/or a ruling on a subsequent motion for summary judgment.[8] Defendant claims that plaintiff admitted the documents were irrelevant in Basirico v. State Farm, No. 95-74691 (E.D. Mich.) - another case assigned to this court.[9] Defendant claims that it made a good faith effort to comply with plaintiff's demands. It also claims that its failure to produce documents -- which it alleges are irrelevant – cannot be the foundation for sanctions.

Plaintiff responds that discovery sanctions are authorized under Fed. R. Civ. P. 37(b)(2). Under Rule 37(b)(2), where a party refuses to comply with an order to provide discovery, the court "may make such orders in regard to the failure as are just." Rule 37(b)(2)(B) allows the court to treat the failure to obey an order as "a contempt of court" and Rule 37(b)(2)(E) further provides that the court may order the party failing to obey the order "to pay the reasonable expenses, including attorney's fees, caused by the failure." In National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639,

---

[7]Defendant filed its objections on November 1, 2007 after receiving an extension for compliance with the order from the plaintiff until November 9, 2007.

[8]The dispositive motion cut-off date is January 7, 2008 and the discovery cut-off date is April 4, 2008.

[9]Plaintiff's counsel is the same in the Basirico case as here. Magistrate Judge Morgan is handling the discovery disputes in that matter.

12

643 (1976), the court upheld the outright dismissal of plaintiff's antitrust action where the plaintiff "in bad faith" refused to timely answer written interrogatories as ordered by the court. The court explained that such an extreme sanction as dismissal was warranted not merely to penalize the plaintiff, "but to deter those who might be tempted to such conduct in the absence of such a deterrent." Id.

The same could be said in the instant case. Defendant refused to provide documents despite three court orders requiring it to do so. Defendant was on sufficient notice as to the discovery sought since plaintiff's counsel could identify specific documents produced in other litigation that it was requesting. Given that State Farm is involved in related breach of contract claims involving the same training materials albeit different plaintiffs, including another lawsuit pending in this very court, (see Basirico v. State Farm, No. 95-74691 (E.D. Mich. 1995)), makes the deterrent factor compelling. If this court declined to uphold the discovery sanctions levied by Magistrate Judge Scheer, it would be giving State Farm a license to withhold responsive documents without fear of reprisal. State Farm cannot claim that its conduct was not "willful" when it ignored three orders of the court to produce specific documents which were identified by name. Plaintiff's counsel was able to identify the documents because they were aware of their production in other lawsuits.

Plaintiff claims that defendant's failure to comply with discovery requests for over two years has hampered her prosecution of the case and prejudiced her. The May, 2008 trial date is fast approaching and plaintiff needs discovery to progress. Plaintiff points out that Magistrate Judge Scheer entered lesser sanctions before entering the more weighty fines at issue now. For example, in April, 2006, Judge Scheer ordered

sanctions of $750 which defendant paid late and after doing so, still continued to withhold documents. Plaintiff claims the record, taken as a whole, supports the imposition of sanctions. Because the training materials at issue might be relevant to plaintiff's tort claims, it appears that Magistrate Judge Scheer's order imposing sanctions does not amount to an abuse of discretion, and therefore, should be affirmed.

C.      <u>Defendant's motions to stay</u>

Defendant has filed two "emergency" motions to stay both orders of Magistrate Judge Scheer entered on October 18, 2007 - (1) the order granting in part and denying in part defendant's motion for reconsideration and (2) the order imposing sanctions. This court granted those motions from the bench.

CONCLUSION

For the reasons stated above, this court AFFIRMS both orders of Magistrate Judge Scheer dated October 18, 2007 - (1) the order granting plaintiff's renewed motion for sanctions and to compel (docket entry 166), and (2) the order granting in part and denying in part defendant's motion for reconsideration (docket entry 167).

IT IS FURTHER ORDERED that defendant's appeals (docket entries 170 and 174) hereby are DENIED.

IT IS FURTHER ORDERED that defendant's motions to stay (docket entries 177 and 178) hereby are GRANTED.

IT IS FURTHER ORDERED that defendant comply with the orders hereby

affirmed within twenty-one days of the entry of this order.

Dated: January 24, 2008

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 24, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk