UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI VAN EMON,

Plaintiff,

Case No. 05-CV-72638

vs.

HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE INSURANCE, COMPANY,

Defendant.

______________________________/

ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE

This lawsuit arises out of an automobile accident that took place on January 1, 1989 in which plaintiff Brandi Van Emon suffered a closed head injury and was rendered a paraplegic. She brought this suit against State Farm Mutual Automobile Insurance, Company (State Farm) for breach of contract seeking personal protection insurance (PIP) benefits under Michigan's No-Fault Act, MCL § 500.3142 and tort claims of fraud/misrepresentation, negligence, intentional infliction of emotional distress, and violations of the Michigan Consumers Protection Act (MCPA), MCL § 445.901 et seq. Only the breach of contract claim survives summary judgment. At the last status conference, the parties discussed the possibility of consolidating this case with another PIP case pending before the Court which was brought by Christine Basirico as guardian and conservator for Kyle Moffitt against State Farm. For purposes of this order, this Court shall refer to that lawsuit as the Moffitt case. Now before the Court is Van Emon's motion to consolidate its case with the Moffitt case. State Farm objects to the motion.

Oral argument was heard on June 12, 2008. For the reasons stated below, Van Emon's motion to consolidate hereby is denied.

## STATEMENT OF FACTS

### A. The Van Emon lawsuit

On January 1, 1989, Van Emon was riding in the back seat of a car that struck a tree. She suffered a closed head injury and spinal cord injuries that left her a paraplegic. State Farm has paid personal protection (PIP) benefits totaling over two million dollars ($2,000,000) since the accident. The PIP benefits paid to date include expenditures for home modification and attendant care. The amount of attendant care paid has varied over the years. Sometimes, State Farm paid for as much as 24-hour care when Van Emon underwent various surgeries or suffered complications in her condition.

Van Emon filed a Second Amended Complaint on June 13, 2006 which alleges six counts. Count I alleges silent fraud; Count II alleges fraud/misrepresentation; Count III alleges breach of contract; Count IV alleges negligence; Count V alleges intentional infliction of emotional distress; and, Count VI alleges violations of the MCPA, for State Farm's alleged failure to explain available benefits. In her Second Amended Complaint, Van Emon alleges that State Farm breached its duty to pay market rates for attendant care, its duty to pay for housing, and its duty to inform Van Emon of benefits available under the policy. She also alleges that State Farm had a scheme to defraud all of its policy holders by failing to pay market rates for attendant care and by failing to inform its insureds of all benefits available under its insurance policies. All of Moffitt's fraud-based claims have been dismissed and only her breach of contract claim survives. There is no

dispute that Van Emon had different treating physicians than Moffitt.

B. The Moffitt lawsuit

The Moffitt lawsuit arises out of a separate automotive accident that occurred on April 13, 1989. Moffitt suffered catastrophic injuries including a closed head injury and spent months in the hospital. To date, Moffitt has speech problems and his gait is impaired. Moffitt claims that he requires 24-hour care and assistance with meals and transportation, and lifelong support and supervision. State Farm alleges that Moffitt lives independently in his own apartment and needs little help with day to day living. State Farm claims that since the accident, Moffitt has held down a part-time job, volunteered at his niece's school and otherwise participated in community activities. State Farm has paid for some attendant care but Moffitt alleges that State Farm has not paid for all of his care and has underpaid family and other people who have helped him since the accident. Moffitt filed an Amended Complaint on May 22, 2006 which seeks recovery under the same counts as Van Emon except that Moffitt has not filed a claim for intentional infliction of emotional distress. Moffitt's fraud claims, like those of Van Emon, allege that State Farm had a scheme to defraud its insured by not paying market rates for attendant care, and by failing to inform its insured of all the benefits payable under its insurance policies. As in the Van Emon lawsuit, all of Moffitt's fraud based claims have been dismissed and only his breach of contract claim survives summary judgment.

STANDARD OF LAW FOR CONSOLIDATION

Federal Rule of Civil Procedure 42(a) sets forth the standard of law for consolidation of trials. Rule 42(a) provides:

> [i]f actions before the court involve a common question of law or fact, the court may
>
> (1) join for hearing or trial any or all matters of issue in the action.

The decision of whether or not to consolidate cases for trial lies within the sound discretion of the trial judge and will not be overturned unless abuse of discretion is shown. Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993) (citations omitted). In Cantrell, the Sixth Circuit affirmed the consolidation of two asbestos products liability actions filed by two former employees of the same facility against the same defendant. Id. at 1010. In affirming the consolidation, the Court noted that consolidation of asbestos cases is quite common. Id. at 1011. On appeal, the defendants argued that the trial court erred in consolidating the trials because the plaintiffs suffered from different diseases. One of the plaintiffs was a cancer survivor, the other claimed that he was likely to contract the same laryngeal cancer at some point in the future. Id. The Sixth Circuit noted that the "potential for prejudice resulting from the consolidation of a cancer case with a non-cancer case is obvious." Id. But the court found that whatever prejudice existed was mitigated by the fact that the risk of cancer testimony was admissible anyway to show plaintiffs' fear of contracting cancer. Id. Most importantly, the Sixth Circuit affirmed the consolidation because defendant never objected to consolidation nor filed a motion to sever. Id.

In Cantrell, the Sixth Circuit identified the factors that a trial court should consider in deciding whether or not to consolidate separate lawsuits for trial. Those factors are: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudication of common factual and legal issues; (2) the burden on

the parties, witnesses and available judicial resources poses by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one, and (4) the relative expense to all concerned of the single-trial, multiple trial alternatives.

Id. (quoting Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)). In deciding whether or not to consolidate actions for trial, the district court must carefully weigh the risk of prejudice or unfair advantage against the conservation of judicial resources. "[I]f the savings to the judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny." Id. The risk of prejudice may be overcome through the use of carefully prepared interrogatories on the verdict form. Stemler v. Burke, 344 F.2d 393, 396 (6th Cir. 1965). The objective of consolidation is to "administer the court's business 'with expedition and economy while providing justice to the parties.'" Advey v. Celotex Corp., 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 2381 (1995)).

## ANALYSIS

### I. Risk of Prejudice

The first factor for the Court to consider in deciding whether or not to consolidate the Van Emon and Moffitt cases for trial is the risk of prejudice to State Farm. State Farm claims that the jury would be confused by combining the two cases as they arise out of separate automotive accidents, involve different injuries, involve different treating physicians, and different providers of attendant care. Moreover, State Farm points out that Van Emon and Moffitt dealt with different claims adjusters. According to State Farm, the only common thread to the two cases are plaintiffs' expert witnesses.

State Farm contends that Van Emon and Moffitt must both prove that the benefits

they are claiming are reasonable, necessary, related and incurred which is an individual assessment requiring separate proofs. State Farm claims that if these two cases are consolidated on the theory that they both involve claims for PIP benefits, then every no-fault case in the State of Michigan against State Farm could be consolidated. State Farm argues that if these two cases are consolidated, the jury may be left with the impression that it engages in the pattern and practice of denying catastrophically injured insureds legitimately owed benefits. According to State Farm, this result would be highly prejudicial.

State Farm correctly points out that all of the cases which Van Emon cites in support of consolidation are inapposite. Two of the lawsuits cited by Van Emon involve asbestos products liability cases. Those types of cases are commonly consolidated when plaintiffs worked at the same facilities and sue the same defendants. As discussed earlier, Cantrell involved two former employees of the same plant who were both exposed to asbestos. The causation question, facts and witnesses were largely the same and consolidation served to expedite the two cases without prejudicing any of the parties. Similarly, Advey v. Celotex Corp., 962 F.2d at 1181, involved asbestos related injuries to workers of the same manufacturing plant who sued seventeen defendants but inadvertently failed to name one defendant from their products liability suit. The same plaintiffs then filed a separate products liability suit against the one defendant whom they had inadvertently failed to name in the earlier filed lawsuit. Id. The Sixth Circuit affirmed the consolidation as the issues and parties were practically identical and the one suit was the result of an oversight that led to the omission of the defendant's name from the complaint. Id. There is no such similarity between Van

Emon and Moffitt. The other cases cited by Van Emon also fail to offer support for consolidation here. Stemler v. Burke, 344 F.2d 393, 396 (6th Cir. 1985) (upholding consolidation of lawsuits arising out the same three-car collision); In re Air Crash Disaster at Detroit Metro. Airport, 737 F. Supp. 391, 394 (E.D. Mich. 1989) (consolidating cases arising out of the same airline disaster).

It appears to the Court that there is a serious risk of prejudice to State Farm if these two cases are combined as the jury could be left with the impression that State Farm has a pattern or practice of failing to pay insurance benefits and/or of misleading its policy holders. This risk is quite real where Van Emon and Moffitt both allege that State Farm had a scheme to defraud its insureds by allegedly misleading them about whether benefits were owing and misleading them about reimbursement for attendant care benefits. Van Emon has failed to show how this serious risk of prejudice is outweighed by cost savings to the Court.

Moreover, she has failed to show that trying these cases separately poses any danger of inconsistent adjudication of common factual and legal issues. The factual and legal issues here are markedly distinct. Although the fraud-based cases may have involved similar alleged misconduct on the part of State Farm, those claims have all been dismissed. Their breach of contract claims could have different outcomes without being inconsistent. It strikes the Court that the jurors are likely to confuse the two accidents and the witnesses if the unrelated cases are combined. In sum, the potential prejudice to State Farm if these lawsuits are combined is quite significant and is not outweighed by any risk that the failure to consolidate the cases could lead to inconsistent verdicts.

2. <u>The burden on the parties, witnesses and available judicial resources</u>

Van Emon argues that the burden on the parties might be alleviated if the trials were consolidated as counsel in the two cases are the same. The plaintiffs, however, are different and unrelated. There is absolutely no connection between Van Emon and Moffitt. They were both involved in car accidents but not the same one. Unlike <u>Stemler</u>, <u>supra</u>, they were not involved in the same accident. Unlike <u>Cantrell</u>, <u>supra</u>, and <u>Advey</u>, they did not work for the same employer. The witnesses, for the most part, are different too. Van Emon and Moffitt both have different treating physicians and both have different care takers. The only common witnesses are plaintiffs' experts. In its motion to consolidate, Van Emon has only identified one expert witness by name who is scheduled to testify in both trials. That witness is Professor Prater who is slated to discuss how insurance claims handling works. Given the fact that most of the witnesses are different and the parties are different and unrelated in anyway, the scales tip in favor of trying the Van Emon and Moffitt trials separately.

3. <u>The length of time required to conclude multiple suits as against a single one</u>

The parties have estimated that the Van Emon and Moffitt trials will each take about two-weeks. The Court anticipates that this estimation may be markedly reduced now that the fraud-based claims have been dismissed. Van Emon estimates that combining the two trials will save the Court about one-third of the total trial time. This time savings is not so significant as to outweigh the genuine risk that jurors will be confused by combining these cases or that State Farm will be prejudiced.

4. The relative expense to all concerned of the single-trial, multiple trial alternatives

It appears that the only real expense to be saved is the cost to the Court and the parties that could be saved by having plaintiffs' experts testify once instead of twice. This time savings does not appear to be so significant as to overcome the Court's concerns about prejudice and confusion of the jury. Van Emon also asserts that time would be saved by combining the opening and closing statements but the Court doubts this would be significant given the difference in facts between the two cases. Although Van Emon alleges that State Farm's defense in the two cases are similar or identical, State Farm does not agree with this contention. While it is true that State Farm's motions to dismiss involved questions of law similar in both lawsuits, what remains for the jury to decide is fact specific as to each case. Under these circumstances, there does not appear to be any real expense saved by combining the two cases. Even if judicial resources could be conserved to a limited degree by combining the cases, this small savings in the Court's time would not be justified in light of the possible prejudice to State Farm and the probable confusion of the jury. Accordingly, plaintiff's motion to consolidate the trials (Doc. 195) hereby is DENIED.

SO ORDERED.

Dated: June 17, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 17, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee

Deputy Clerk

