UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI VAN EMON,

           Plaintiff,

vs.

Case No. 05-CV-72638

HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE, COMPANY,

           Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

This lawsuit arises out of an automobile accident which rendered plaintiff Brandi Van Emon a paraplegic. She brought this suit against State Farm Mutual Automobile Insurance, Company (State Farm) for breach of contract seeking personal protection insurance (PIP) benefits under Michigan's No-Fault Act, MCL § 500.3142, and tort claims of silent fraud, fraud/misrepresentation, negligence and intentional infliction of emotional distress. On June 18, 2008, this Court entered an order granting State Farm's motion for partial summary judgment dismissing all of Van Emon's tort claims. Now before the Court is Van Emon's motion for reconsideration and her motion to file a Third-Amended Complaint. Local Rule 7.1(g)(3) governs the standard for motions for reconsideration. It provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issued ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by

> which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Id. Van Emon argues that this Court's order granting State Farm's motion for summary judgment is at odds with the Michigan Supreme Court's recent opinion in Cooper v. Auto Club Ins. Assoc., 481 Mich. 399 (2008), that this Court improperly decided issues not raised by State Farm, and erroneously made factual findings and credibility determinations.  Although responses to motions for reconsideration are not allowed by the Local Rules, except by court order, State Farm sought leave to file a response which this Court granted.  State Farm has filed a response which this Court has considered.

State Farm first argues that Van Emon's motion for reconsideration is untimely.  The order of the Court for which the motion for reconsideration refers was e-filed on June 18, 2008.  Van Emon is allowed ten calendar days to file her motion for rehearing.  Local Rule 7.1(g)(1).  Because the period of time is for less than 11 days, intermediate Saturdays, Sundays and legal holidays are excluded.  Fed. R. Civ. P. 6(a)(2).  Three additional days are added for service pursuant to Fed. R. Civ. P. 6(d) and intermediate Saturdays, Sundays and legal holidays are excluded in computing the three days pursuant to Fed. R. Civ. P. 6(a)(2).  Thus, plaintiff's motion for rehearing was due on July 8, 2008.  Plaintiff filed her motion for rehearing on July 7, 2008.  Thus, the motion is timely and the Court shall consider it on the merits.  For the reasons set forth below, Van Emon's motion for reconsideration shall be denied and her motion to amend the Second Amended Complaint shall be denied as futile.

A.     Silent Fraud

This Court properly dismissed Van Emon's claim of silent fraud.  Silent fraud may

be proven by showing "the failure to divulge a fact or facts the defendant had a duty to disclose." Fassihi v. Sommers, Schwartz, Silver, Schwartz & Tyler, 107 Mich. App. 509, 517 (1981). In order to state a claim for silent fraud in the insurance context, the insurer must first have an affirmative duty to disclose the insured's no-fault benefits. As Judge Edmunds recently explained in Buntea v. State Farm Mut. Auto. Ins. Co., 467 F. Supp. 2d 740, 745 (E.D. Mich. 2006), before even reaching the issue of whether plaintiff has met the prima facie elements of a silent fraud claim, plaintiff must show that the alleged silence "occurred under circumstances where there was a legal duty of disclosure." Id. (citations omitted). Judge Edmunds ruled that there was no duty of disclosure where the insurer did not voluntarily adopt a duty to disclose policy benefits and the plaintiff never asked the insurer to explain to her all of the benefits to which she was entitled. Id. at 745-46.

Similarly in this case, Van Emon failed to show that State Farm undertook any duty to explain all available coverage or that she asked for such an explanation. Under the same reasoning set forth in Buntea, dismissal of plaintiff's silent fraud claim was appropriate here. Cooper did not involve a silent fraud claim and does not alter the Court's analysis with respect to this claim. Van Emon's arguments in her motion for reconsideration merely restate earlier arguments which the Court has considered and rejected.

B.  Fraud/Misrepresentation

In support of her motion for reconsideration of the dismissal of her fraud/misrepresentation claim, Van Emon relies on the Michigan Supreme Court's recent decision in Cooper, which was decided one week after this Court issued its

3

opinion granting State Farm's motion for partial summary judgment. Cooper, like the instant dispute, involved a vehicle accident which caused catastrophic injuries to the plaintiffs. Plaintiffs sued under the No-Fault Act, MCL § 500.3145(1), for personal protection insurance (PIP) benefits, and also brought a common law fraud claim. 481 Mich. at 401. The fraud claim alleged that the insurer fraudulently induced plaintiffs' mother to accept an unreasonably low compensation rate for her in-home attendant care services. Id. at 403-04. The insurer allegedly told plaintiffs' mother, *inter alia*, that she had a parental obligation to care for her injured daughters at a rate of pay far below the market rate and that if she did not quit her job and accept only $50 a day for providing 24-hour attendant care for one of her injured daughters, she would be responsible to pay for her nursing or her daughter would be institutionalized. Id.

In Cooper, the Michigan Supreme Court addressed the question of whether the one-year back rule of the No-Fault Act applied to plaintiffs' common-law cause of action for fraud. Id. at 447. The Court found that the one-year back rule did not apply to the tort of fraud which is a separate cause of action. Id. at 417. In reaching this conclusion, the Michigan Supreme Court noted that insurers owe a duty to their insureds not to deceive them "which duty is imposed by law as a function of the relationship of the parties." Id. at 409. In its cautionary notes, however, the Michigan Supreme Court instructed trial courts to "distinguish between misrepresentations of fact, i.e., false statements of past or existing facts, and mere negotiation of benefits, i.e., the mutual discussion and bargaining preceding an agreement to pay PIP benefits." Id. at 416. The Cooper Court instructs trial courts to carefully consider "whether insureds can satisfy the [reasonable] reliance factor." Id. at 414. "[I]nsureds will ordinarily be unable

4

to establish the reliance element with regard to misrepresentation made during the claims handling and negotiation process, because during these processes the parties are in an obvious adversarial position and generally deal with each other at arm's length." Id. at 415. The Michigan Supreme Court stressed that in order to maintain the integrity of the no-fault system, fraud must not only be pled with particularity, but must be shown "by clear, satisfactory and convincing evidence" before it is permitted to proceed to trial. Id. at 415 (citations omitted). Van Emon has failed utterly to show by "clear, satisfactory and convincing" evidence that a fraud claim exists. In analyzing the claims presented here, this Court is mindful that the Cooper decision did not find that an actual fraud claim existed, but merely remanded the matter to the trial court to consider the issue in the first instance.

Van Emon argues that she is not required to come forward with any evidence in support of her actual fraud claim to survive summary judgment. She claims this is true because State Farm relied solely on the legal argument that a fraud claim could not proceed where it had not undertaken a duty to explain all insurance coverage. The Court has reviewed State Farm's motion for partial summary judgment. (Doc. 201). Van Emon is correct that State Farm's argument in support of summary judgment on the fraud claims depended on its argument that plaintiff had failed to come forward with proof that State Farm voluntarily undertook a duty to plaintiff to explain no-fault benefits to plaintiff or her agent, and its argument that it was entitled to partial summary judgment based on the statute of limitations. That being said, Van Emon's argument that she was without notice that her non-contractual claims were being challenged based on the factual record is without merit. In responding to State Farm's motion, Van

5

Emon was required to proffer evidence that would allow a reasonable jury to find for her on her tort claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). In any event, to the extent that Van Emon argues she lacked notice that the Court was considering not just legal arguments, but was considering the evidence presented, Van Emon now has had another opportunity to come forward with additional proofs to support her claim via her motion for reconsideration. Van Emon has done so, but the proofs presented are still insufficient to raise a genuine issue of material fact as to her extra-contractual claims.

In reaching this conclusion, it is important to note that this Court has consistently held throughout this lawsuit that Van Emon's tort claims were not subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, finding it remained possible for Van Emon to develop a factual record that would support recovery under her non-contractual claims. Despite this Court's finding that the Second Amended Complaint was sufficient to allege tort claims, the evidence now submitted to support those claims is insufficient to survive summary judgment.

In support of her motion for reconsideration, Van Emon has attached 38 pages of documents which it claims support her actual fraud claims. (Doc. 240, Exhibit B). These documents consist of (1) selected portions of State Farm's claims activity log which are handwritten notes, many of which are illegible, (2) portions of the deposition testimony of Dee Dray which includes testimony that State Farm allegedly told her it was her responsibility to care for her daughter, (3) December 13, 1989 letter to Dee Dray regarding payment for attendant care benefits, (4) November 15, 1991 letter to plaintiff regarding coverage for eye lenses, (5) June 14, 1993 letter of State Farm to

6

plaintiff regarding transportation costs and the purchase of a modular home, (6) August 8, 1994 letter to plaintiff from State Farm regarding plaintiff's need for self-care else State Farm may not be responsible for treatment, (7) November 22, 1994 letter to plaintiff regarding the need for good personal hygiene else State Farm may not be responsible for medical expenses, (8) typed notes dated July 1, 1999 and August 15, 2000 regarding plaintiff's condition and benefits, but it is unclear who made the entries or for what purpose (Doc. 240, Exhibit B at 30-32), (9) January 4, 2001 letter from State Farm to plaintiff regarding decrease in attendant care required post-operation, and (10) typed notes dated November 27, 2002 through December 2, 2004, but it is unclear who made the entries or for what purpose (Doc. 240, Exhibit B at 34-38).

Van Emon does not explain or even attempt to describe how the 38-pages of attached papers (Doc. 240, Exhibit B) support her fraud claim. She does not even discuss the contents of 38-pages of papers in her brief at all. She merely copies the 26 paragraphs of alleged fraud set forth in her Second Amended Complaint and then states, "Attached as **Exhibit B** is evidence that supports a factual issue for the jury on these allegations." The majority of the papers attached are claims activity log pages which consist of handwritten notes, many of which are illegible and difficult to read, especially since there is no context in which to review them. It is not enough for Van Emon to merely attach a stack a pile of papers to her motion. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997).

At the final pretrial conference in this case, the Court point out some of the fallacies of Van Emon's motion for reconsideration, including its opinion that the alleged

7

statements of State Farm were not in the nature of "fraudulent" statements. Van Emon now has filed a reply brief in support of her motion for reconsideration in which she attempts to explain the papers attached to her motion for reconsideration. Van Emon's attempts to prove actionable fraud have come up short. The Court has reviewed her attempted explanations of alleged fraud and finds that they fail to meet the strictures spelled out in Cooper. The Cooper Court instructed trial courts to carefully examine whether alleged fraudulent statements are "statements of past or existing fact, rather than . . . good-faith opinions" and whether the alleged statements "are objectively false or misleading." 481 Mich. at 416. The main thrust of plaintiff's fraud claim here is that State Farm did not pay her enough under the contract. This does not rise to the level of fraud, but is merely a claim for breach of contract.

Although the evidence submitted by Van Emon is difficult to review, the Court has done so. To prove actionable fraud, plaintiff must show: "(1) That [the insurer] made a material representation; (2) that it was false; (3) that when [the insurer] made it [the insurer] knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that [the insurer] made it with the intention that it should be acted upon by [the] plaintiff; (5) that [the] plaintiff acted in reliance upon it; and (6) that [the plaintiff] thereby suffered injury." Cooper, 481 Mich. at 408 (citations omitted). Van Emon has failed to raise a genuine issue of material fact that State Farm engaged in deceit, that it intended for her to rely on its alleged misrepresentations, or that she reasonably relied to her detriment on State Farm's statements. Accordingly, Van Emon's motion with respect to the actual fraud claim must be denied.

C.  Negligence

In its prior order, this Court granted State Farm summary judgment on Van Emon's negligence claim. In doing so, the Court explained that to prevail on a negligence claim, plaintiff must prove, (1) defendant owed plaintiff a duty, (2) defendant breached that duty, (3) causation, and (4) damages. Case v. Consumers Power Co., 463 Mich. 1, 6 (2000). The Court found that plaintiff had failed to show that State Farm owed her a duty to explain all available insurance coverage, and therefore, State Farm was entitled to summary judgment as to plaintiff's negligence claim. In Cooper, the Supreme Court explained that insurers have an independent duty not to defraud their insureds based on the insurer-insured relationship. 481 Mich. at 409. Based on this duty, which is imposed by law based on the relationship of the parties, this Court must now decide whether a genuine issue of material fact exists on the issue of the remaining elements of a negligence claim, namely: breach, causation, and damages. Having considered Van Emon's newly filed proofs, this Court still does not find that a genuine issue of material fact exists as to her negligence count. Accordingly, Van Emon's motion with respect to the negligence claim must be denied.

D.  Michigan Consumer Protection Act

In its June 18, 2008 decision, this Court granted State Farm's motion for summary judgment as to Van Emon's Michigan Consumer Protection Act (MCPA), MCL § 445.901 et seq., claim. In reaching that conclusion, the Court rejected State Farm's argument that the MCPA does not apply to disputes over first-party no-fault benefits which do not arise out of the circumstances surrounding the sale or marketing of the policy. The Court ruled that Van Emon could prove violations of the MCPA claim if she

9

could show acts of fraud and resulting violations of the Uniform Trade Practices Act (UTPA), MCL § 500.2007, that occurred before March 28, 2001.[1] This Court granted State Farm's motion for summary judgment as to Van Emon's MCPA claim on the grounds that she had failed to come forward with any evidence to support her claim. Van Emon now argues that this Court improperly dismissed her MCPA claim for a lack of evidence as State Farm raised only a legal issue on the proper scope of the MCPA. Van Emon now seeks to rely on the evidence set forth in her Exhibit C. Once again, Van Emon does not discuss or explain the evidence set forth in Exhibit C in any fashion. She merely attaches 142 papers as an exhibit to her motion for reconsideration.

Exhibit C consists of (1) the deposition of economic expert Dr. Paranjpe and his reports showing alleged underpayment of Van Emon's caregivers, (2) payment records, and (3) the expert report of Renee K. LaPorte regarding attendant care. It is unclear how this evidence aids Van Emon in proving her MCPA claim. Presumably, the expert reports on attendant care benefits show that Van Emon's caregivers were underpaid given market rates. This inference is insufficient to survive State Farm's motion for summary judgment of the MCPA claim. In any event, this evidence goes to Van Emon's breach of contract claim, not her MCPA claim. Accordingly, Van Emon's motion for reconsideration of the dismissal of her MCPA claim shall be denied.

E.     Intentional Infliction of Emotional Distress Claim

---

[1] In its prior orders, this Court explained that Van Emon's MCPA claim is limited to MCPA claims which accrued prior to March 28, 2001. The reason for this is that the legislature in Michigan amended the MCPA in 2000, effective March 28, 2001, providing that the MCPA does not apply or create a private cause of action for violations of the UTPA. MCL § 445.904(3).

Van Emon argues that this Court erred in dismissing her intentional infliction of emotional distress claim. Van Emon reiterates the same arguments which she made previously and which this Court rejected. She also argues that this Court improperly usurped the province of the jury by making credibility determinations. The Court made no such determinations. The Court merely found that even taking as true the alleged statements of State Farm, most of which were directed towards plaintiff's mother, Dee Dray, and not to Van Emon herself, those statements did not rise to the level of the "outrageous" conduct necessary to sustain an intentional infliction of emotional distress claim. State Farm's alleged statements that plaintiff must participate in her own self-care or risk the loss of coverage or possible placement in a nursing home, simply cannot be characterized as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Harris v. Citizens Ins. Co.,141 Mich. App. 110, 114 (1983). This Court properly dismissed Van Emon's intentional infliction of emotional distress claim and her motion for reconsideration must be denied as to this claim.

F.  Motion to Amend Complaint

Van Emon also has filed a motion to file a Third-Amended Complaint to add factual allegations regarding State Farm's internal audit program, known as the "Advancing Claims Excellence" or "ACE" program. As an initial matter, it should be noted that Van Emon has unduly delayed in waiting until long after the close of discovery and on the eve of trial to bring the motion. This lawsuit has been pending for nearly three-years, making it the oldest case on this Court's docket. Van Emon has

offered no good explanation for the delay and the Court finds that allowing any amendment at this late stage of the proceedings would prejudice State Farm. While this Court is mindful that leave to amend should be freely given under Fed. R. Civ. P. 15(a), leave should not be granted where the amendment would be futile. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Having already dismissed Van Emon's extra-contractual counts, the amendment sought must be denied as moot and futile.

CONCLUSION

For the reasons stated above, Van Emon's motion for reconsideration (Doc. 240) hereby is DENIED and her motion to file a Third-Amended Complaint (Doc. 239) hereby is DENIED.

SO ORDERED.

Dated: August 11, 2008

s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 11, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---