UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI VAN EMON,

        Plaintiff,

vs.

Case No. 05-CV-72638

HON. GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE, COMPANY,

        Defendant.

_____/

ORDER DENYING APPEALS OF MAGISTRATE JUDGE'S ORDERS
AND DENYING MOTION FOR RULE 54(b) CERTIFICATION

This lawsuit arises out of a 1989 automotive accident which rendered plaintiff Brandi Van Emon a paraplegic. She brought this suit against State Farm for personal protection insurance benefits under Michigan's No-Fault Act and state law tort claims. Her tort claims have been dismissed by prior order of the Court. State Farm has paid PIP benefits totaling over $2 million dollars since the accident, but Van Emon argues that she was underpaid both the hourly rate of care and the number of hours of care. State Farm asserts that plaintiff's claim is excessive.

Three motions filed by Van Emon are now pending before the Court. They are two objections to Magistrate Judge Sheer's discovery orders and a motion for Rule 54(b) certification so that Van Emon may immediately appeal the dismissal of her state law tort claims. These motions shall be decided based on the written submissions without oral argument. For the reasons stated below, all three motions shall be denied.

**STANDARD OF LAW**

This Court reviews the nondispositive orders of Magistrate Judge Scheer under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

**DISCUSSION**

1. **Plaintiff's Objections to Magistrate Judge's Order denying non-party movant's motion to quash subpoena (Doc. 261).**

On July 24, 2008, Magistrate Judge Sheer denied non-party Craig Pollard, Esq.'s motion to quash subpoena. Mr. Pollard had acted as Van Emon's attorney and Magistrate Judge Sheer ruled that he could be questioned about the advice he gave to her in connection with her claim for no-fault benefits as it was relevant to the reliance element of her fraud claim. Defendant did not list Pollard as a witness on the joint final pretrial order. Since the Court has dismissed Van Emon's fraud claims, Pollard's testimony is irrelevant and the appeal of Mag. Judge Sheer's decision shall be denied as moot.

2. **Plaintiff's Objections to Magistrate Judge's Order denying plaintiff's motion to amend protective order (Doc. 267).**

On October 18, 2007, Magistrate Judge Sheer entered an order ruling, among other things, that the ACE documents produced by State Farm were limited for use only in this litigation and fined State Farm for its refusal to produce the ACE documents. State Farm appealed the Mag. Judge's order. Plaintiff did not appeal and did not object

to the ruling that the ACE documents could only be used for the prosecution of this case. On January 24, 2008, this Court entered an order affirming Magistrate Judge Sheer's order. It is important to note that this Court never addressed the issue of whether limiting the use of the ACE documents to the prosecution of this case only was proper.

On July 1, 2008, plaintiff filed a motion to amend the protective order (Doc. 237) to allow it to use the ACE documents in litigation pending against State Farm in Hawaii in another insurance dispute. Magistrate Judge Sheer denied plaintiff's motion to amend the protective order and plaintiff now appeals that ruling. Magistrate Judge Sheer ruled that the ACE documents were limited to the confines of this case on the basis that he lacked the authority to rule on discovery issues pending in other cases. Magistrate Judge Sheer ruled that plaintiff's counsel remained free to try to convince the Judge in Hawaii that the documents were relevant, but it was outside the scope of his authority to make discovery decisions for that case. Magistrate Judge Sheer noted that discovery in this lawsuit should not be used as a fishing expedition for other cases. He also remarked that amending the protective order to allow the ACE documents to be used in the Hawaii litigation presented a risk of genuine harm to the litigation process, to the integrity of the case, and even to the integrity of the legal profession itself. (Transcript of Plaintiff's Motion to Amend Protective Order dated July 31, 2008, Doc. 267, Exhibit C at 3). This Court agrees. Magistrate Judge Scheer's denial of Van Emon's motion to amend the protective order was not "clearly erroneous" or "contrary to law" and thus, shall be affirmed.

### 3. Plaintiff's Rule 54(b) motion (Doc. 287).

Van Emon also has filed a motion for certification under Fed. R. Civ. P. 54(b) to immediately appeal the dismissal of her fraud and state tort claims. State Farm opposes the motion on the grounds that the dismissed tort and statutory claims arise out of the same "aggregate of operative facts" and as such are not entitled to the entry of final judgment under the Sixth Circuit's holdings in McIntyre v. First Nat'l Bank of Cincinnati, 585 F.2d 190, 192 (6th Cir. 1978) and Lowery v. Federal Express Corp., 426 F.3d 817 (6th Cir. 2005). Rule 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Van Emon has not made the proper showing that there is "no just reason for delay."

In Lowery, the Sixth Circuit noted that Rule 54(b) certification should be granted cautiously only in those cases where the undesirability of piecemeal appeals is outweighed by making review available at a time that best serves the needs of the parties. 585 F.2d at 820 (citation and quotation omitted). Where claims arise out of "the same aggregate of operative facts and seek to recover for the same underlying injury" Rule 54(b) certification is inappropriate. Id. at 821, McIntyre, 585 F.2d at 192. In this case, the tort and contract claims both arise out of defendant's alleged underpayment of benefits. In addition, Van Emon has not shown that judicial administrative interests or the equities involved support a finding that there is "no just reason for delay." Accordingly, Van Emon's motion for rule 54(b) certification shall be denied.

4

## **CONCLUSION**

For the reasons stated above, plaintiff's appeal of Magistrate Judge Scheer's order denying non-party movant's motion to quash subpoena (Doc. 261) hereby is DENIED AS MOOT.

Plantiff's appeal of Magistrate Judge Scheer's order denying plaintiff's motion to amend the protective order (Doc. 267) hereby is DENIED.

Plaintiff's motion for Rule 54(b) certification (Doc. 287) hereby is DENIED.

SO ORDERED.

Dated: November 3, 2008

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 3, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk